IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Dustin Eugene Barr
Stacy Michelle Barr
11037 Lincoln Avenue
Hagerstown, Maryland 21740                    *

    Plaintiffs                              *
vs.                                            *

Chrysler Group LLC                             *    Civil Case No.:
1000 Chrysler Drive
Auburn Hills, MI 48326                         *

**Serve On:**                                  *

    The Corporation Trust Incorporated  *
    351 West Camden Street
    Baltimore, MD 21201                 *

AND                                            *

Hoffman Chevrolet, Inc                         *
101 S. Edgewood Drive
Hagerstown, MD 21740                           *

    **Serve On:**                       *

    James W. Stone                      *
    28 West Washington Street
    Hagerstown, Maryland 21740          *

*   *   *   *   *   *   *   *   *   *   *   *

## COMPLAINT

### INTRODUCTION

1. This action is based on wrongful activities of the Defendants in selling a vehicle which was defective and dangerous and not as warranted, and then failing to properly repair that vehicle. As a direct result Plaintiffs have been and continue to be damaged.

## PARTIES

2.     Plaintiffs Dustin and Stacy Barr are adult citizens and legal residents of the State of Maryland, 11037 Lincoln Avenue, Hagerstown, Maryland 21740. At all pertinent times hereto, they were consumers.

3.     Defendant Chrysler Group, LLC (hereinafter "Chrysler") is a business corporation qualified to do and regularly conduct business in the State of Maryland. It is a vehicle manufacturer, distributor and seller and is a "merchant" as defined by MD. CODE ANN., COMM. LAW § 2-104(1).

4.     Defendant Hoffman Chevrolet, Inc. (hereinafter "Hoffman") is a business corporation qualified to do and regularly conduct business in Maryland. Defendant is a Maryland corporation regularly conducting business as a dealer selling automobiles, both new and used, to consumers in Maryland. It is a "merchant" as defined by MD. CODE ANN., COMM. LAW § 2-104(1).

## JURISDICTION AND VENUE

5.     The Court has jurisdiction of all causes of actions alleged herein as the claims for relief accrued in Washington County, Maryland and a federal question is brought pursuant to 15 U.S.C. § 2310 (d)(1)(B) and (d)(3). This court has supplemental jurisdiction over the other claims pursuant to 28 U.S.C. § 1367.

## FACTS COMMON TO ALL COUNTS

6.     On or about September 28, 2012, Plaintiffs Dustin and Stacy Barr purchased a 2012 Chrysler Dodge Caravan, VIN #2C4RDGDG1CR112926 (hereinafter "vehicle") for

personal and household use. It had 20,921 miles on it at the time of purchase and was manufactured and warranted by Defendants.

7. The vehicle was purchased in the State of Maryland and is registered in the State of Maryland.

8. The contract price of the vehicle, including registration charges, document fees, sales tax, finance and bank charges, etc., totaled approximately $27,612.08. A true and correct copy of the Retail Installment Sale Contract is attached hereto, made a part hereof, and marked as **Exhibit A**.

9. In consideration for the purchase of said vehicle, Defendants issued to Plaintiffs Dustin and Stacy Barr several warranties, guarantees, affirmations or undertakings with respect to the material or workmanship of the vehicle and/or remedial action in the event the vehicle fails to meet the promised specifications.

10. The above-referenced warranties, guarantees, affirmations or undertakings were and are part of the basis of the bargain between Defendants and Plaintiffs.

11. The parties' bargain includes an express warranty, as well as other guarantees, affirmations and undertakings as stated in Defendants' warranty materials and owner's manual.

12. Since purchase the vehicle has had ongoing problems and has been in the repair shop for continual and dangerous transmission problems (See repair orders dated January 5, 2013, September 21, 2013 and October 15, 2013, attached as **Exhibit B, Exhibit C,** and **Exhibit D** respectively) and was evaluated and the problems confirmed by ASE certified mechanic, Jim Davis on January 23, 2014. Attached as **Exhibit E**.

13. Formal notice of the problems and an opportunity to correct them was sent to Defendants on February 27, 2014 (see **Exhibit F**) and Plaintiff cooperated by giving Defendants

an opportunity to fix the vehicle on April 11, 2014. Defendants did not fix the vehicle on that date and it remains unrepaired.

14. The vehicle is rendered substantially impaired, unable to be utilized for its intended purposes, and is worthless to Plaintiffs. Because the Plaintiffs fear for the safety of their family they do not drive the vehicle.

## COUNT I
## VIOLATION OF THE MARYLAND CONSUMER PROTECTION ACT

15. Plaintiffs incorporate all prior paragraphs.

16. The Maryland Consumer Protection Act applies as Plaintiffs are consumers, the subject vehicle was bought for consumer use and these are merchants in accordance with MD. CODE ANN., COMM. LAW § 13-101.

17. As stated previously, Plaintiffs bought the subject vehicle from Defendant Hoffman Chevrolet and Defendant Chrysler was the manufacturer. They are "merchants" pursuant to Maryland's Consumer Protection Act, MD. CODE ANN., COMM. LAW § 13-101(g).

18. MD. CODE ANN. COMM. LAW § 13-301, deems the following to be an unfair and deceptive trade practice in violation of the law:

    a. False, falsely, disparaging, or misleading oral or written statement, visual description, or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers. MD. CODE ANN., COMM. LAW § 13-301(1);

    b. Representation that consumer goods...or consumer services have a sponsorship, approval, accessory, characteristic, ingredient, use, benefit or quantity which they do not have. MD. CODE ANN., COMM. LAW § 13-301(2)(i);

    c. Representation that consumer goods…or consumer services are of a particular standard, quality, grade, style, or model which they are not. MD. CODE ANN., COMM. LAW § 13-301(2)(iv);

    d. Failure to state a material fact if the failure deceives or tends to deceive. MD. CODE ANN., COMM. LAW § 13-301(3);

    e. Advertisement or offer of consumer goods….or consumer services without intent to sell…them as advertised or offered. MD. CODE ANN., COMM. LAW § 13-301(5)(i);

    f. Deception, fraud, false pretense, false premise, misrepresentation, or knowing concealment, suppression, or omission of any material fact with the intent that a consumer rely on the same in connection with the promotion or sale of any consumer goods…or consumer service. MD. CODE ANN., COMM. LAW § 13-301(9)(i);

    g. Deception, fraud, false pretense, false premise, misrepresentation, or knowing concealment, suppression, or omission of any material fact with the intent that a consumer rely on the same in connection with the kind of merchandise…or service solicited. MD. CODE ANN., COMM. LAW § 12-301(9)(iii).

19. Defendants violated these provisions in the following ways:

    a. failing to reveal problems with the subject vehicle to the Plaintiff;

    b. failing to make repairs which were covered under the warranty;

    c. Defendants may have breached this statute in other ways.

20. As a direct result of these violations Plaintiffs suffered damages, including the money they paid for the subject vehicle, repair costs and noneconomic damages.

WHEREFORE, Plaintiffs claim damages in excess of $75,000 plus costs and attorney's fees against Defendants jointly and severally.

## COUNT II
## BREACH OF EXPRESS AND IMPLIED WARRANTIES

21. Plaintiffs incorporate all prior paragraphs.

22. The subject vehicle contained implied warranties of merchantability and fitness for a particular use in accordance with MD. CODE ANN., COMM. LAW §§ 2-314 and 2-315. These warranties provided for a properly functioning automobile.

23. The subject vehicle carried a specific warranty which should have applied to the problems with the subject vehicle, but which was not honored.

24. The subject vehicle, at the time of sale, did not conform to these warranties because, as set forth above in greater detail, it had mechanical and safety issues that rendered it dangerous.

25. The value of the subject vehicle to the Plaintiffs, at the time of sale, was substantially impaired by the non-conformities.

26. Plaintiffs advised Defendants of the non-conformity and misrepresentation within a reasonable time of discovering the non-conformity, and the condition of the subject vehicle is substantially the same as when Plaintiffs purchased it.

27. Plaintiffs attempted to revoke their original acceptance and sought return of the purchase price to them, but Defendants refused to do so.

28. Plaintiffs have been damaged as a result of Defendants' actions.

WHEREFORE, Plaintiffs claim damages in excess of $75,000 for breach of warranty against Defendants jointly and severally.

## COUNT III

## CANCELLATION UNDER MAGNUSON-MOSS ACT

29. Plaintiffs incorporate all prior paragraphs.

30. This count is an action against Defendant brought pursuant to 15 U.S.C. § 2310(d) of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2312 (hereafter "Magnuson-Moss") for actual damages and to cancel the contract pursuant to the Plaintiffs' rejection, or in the alternative revocation of acceptance, for Defendant's breach of implied warranties.

31. The subject vehicle is a consumer product, as that term is defined in § 2301(1) of Magnuson-Moss, and was manufactured after July 4, 1975.

32. The Defendant are suppliers and warrantors, as that term is defined in § 2301(4) and (5) of Magnuson-Moss.

33. The Plaintiffs are consumers, as that term is defined in § 2301(3) of Magnuson-Moss.

34. The Defendant has no dispute resolution mechanism which meets the requirements of 16 C.F.R. Part 703, promulgated by the Federal Trade Commission (FTC) pursuant to § 2310(a)(2) of Magnuson-Moss.

35. The Plaintiffs gave Defendants reasonable opportunity, on several occasions, as described above, to cure its failure to comply with its warranties and Defendants did not cure.

WHEREFORE, the Plaintiffs pray that this court:

1. Declare that the contract involved herein is canceled;

2. Enter judgment for Plaintiffs and against Defendants jointly and severally for actual damages in excess of $75,000.

3. Award the Plaintiffs their costs and reasonable attorney fees to be paid by Defendants jointly and severally;

4. Grant such other relief as may be just and proper.

## COUNT IV
## DAMAGES UNDER MAGNUSON-MOSS ACT

36. Plaintiffs incorporate all prior paragraphs.

37. This count is an action, brought in the alternative to Count III, in the event that Plaintiffs' cancellation is not given legal effect, against Defendants pursuant to § 2310(d) of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2312 for actual damages Defendants did not cure.

WHEREFORE, the Plaintiffs pray that this court:

1. Enter judgment for Plaintiffs and against Defendants jointly and severally for actual damages in excess of $75,000;

2. Award the Plaintiffs their costs and reasonable attorney fees to be paid by Defendants jointly and severally and

3. Grant such other relief as may be just and proper.

Jane Santoni
Williams & Santoni, LLP
401 Washington Avenue, Suite 200
Towson, Maryland 21204
(410) 938-8666
*Attorney for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Dustin Eugene Barr<br>Stacy Michelle Barr<br>11037 Lincoln Avenue<br>Hagerstown, Maryland 21740 | * | |
| Plaintiffs | * | |
| vs. | * | |
| Chrysler Group LLC<br>1000 Chrysler Drive<br>Auburn Hills, MI 48326 | *<br><br>* | Civil Case No.: |
| **Serve On:** | * | |
| The Corporation Trust Incorporated<br>351 West Camden Street<br>Baltimore, MD 21201 | *<br><br>* | |
| AND | * | |
| Hoffman Chevrolet, Inc<br>101 S. Edgewood Drive<br>Hagerstown, MD 21740 | *<br><br>* | |
| **Serve On:** | * | |
| James W. Stone<br>28 West Washington Street<br>Hagerstown, Maryland 21740 | *<br><br>* | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### PRAYER FOR JURY TRIAL

Plaintiffs respectfully request a jury trial.

                                                  /s/ Jane Santoni
                                                  Jane Santoni
                                                  Federal Bar #05303
                                                  Williams & Santoni, LLP
                                                  401 Washington Avenue, Ste. 200
                                                  Towson, MD 21204
                                                  410-938-8666
                                                  Attorney for Plaintiffs